UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEXAS REFUSE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| and the | § | |
| | § | |
| REPUBLIC SERVICES, INC.; | § | |
| REPUBLIC SERVICES SAN | § | NO:  5:18-cv-1240 |
| ANTONIO, LLC; RIVER | § | |
| RECYCLING LLC D/B/A | § | |
| RECOMMUNITY SAN ANTONIO, | § | |
| LLC; RE COMMUNITY HOLDINGS | § | |
| II, INC. | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

## DEFENDANTS' NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants RE Community Holdings II, Inc.[1] and River Recycling, LLC (collectively, "Defendants") file this Notice of Removal and hereby remove the above-entitled civil action from the 73rd Judicial District Court in Bexar County, Texas, to this

---

[1] Plaintiffs misnamed RE Community Holdings, II as an "LLC" instead of a corporation.  This resulted in a misnomer as the correct Defendant has been served under an incorrect name. *Barth v. Bank of Am., N.A.,* 351 S.W.3d 875, 876-77 (Tex. 2011).

1

United States District Court for the Western District of Texas San Antonio Division. 28 U.S.C. §§ 1441(a),1446.

## GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

1.      Defendants invoke their right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Additionally, the doctrine of improper joinder (or fraudulent joinder) prevents defeat of federal removal jurisdiction based on diversity by the presence of an improperly-joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

2.      In this case, two Defendants—Republic Services, Inc. and Republic Services San Antonio, LLC—have been improperly joined, as is more fully set forth below and should be dismissed. The remaining Defendants are completely diverse from Plaintiff and the amount in controversy exceeds $75,000. As a result, this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

## PROCEDURAL HISTORY

3.      River Recycling, LLC and RE Community Holdings II, Inc. (improperly served as Re Community Holdings LLC) are Defendants in the civil action styled *Texas Refuse, LLC v. Republic Services, Inc., et al*, Cause No. 2018-CI-18570, in the 73rd Judicial District Court in Bexar County, Texas ("state court action").

4.      Plaintiff Texas Refuse, LLC ("Plaintiff") filed the state court action on September 25, 2018.  Defendants, RE Community Holdings II, Inc. and River Recycling, LLC were served on November 2, 2018.

5.      All properly joined Defendants consent to this removal.  By filing this Notice of Removal, Defendants do not waive their right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

6.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served and/or filed in the state court action are attached to this Notice of Removal as Exhibit B.  An index of these documents is attached as Exhibit A.  A complete list of all counsel of record is attached as Exhibit D.

## VENUE

7.      Venue is proper in this District pursuant to section 1441(a), which permits removal to "the district court of the United States for the district and division embracing the place where [the state action] is pending." 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

8.      Defendant River Recycling, LLC and Re Community Holdings II, Inc. were served with process on November 2, 2018.  Defendants filed this Notice of Removal on November 28, 2018.  Because the Defendants filed this Notice of Removal within thirty days of service of Plaintiff's Original Petition and the state court action has been pending for less than one year, this Notice of Removal is timely.  *id.* § 1446(b).

## CITIZENSHIP OF THE PARTIES

9.      Plaintiff Texas Refuse, LLC is a Texas for profit limited liability company.

10.     One Defendant—River Recycling, LLC (the "LLC Defendant")—is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."). River Recycling, LLC has one member - RE Community Holdings II, Inc. Exhibit C, Declaration of Eileen B. Schuler. RE Community Holdings II, Inc. is incorporated in Delaware and has its principal place of business in Arizona. *Id.* Thus, River Recycling, LLC is a citizen of Delaware and Arizona.

11.     The remaining Defendant, RE Community Holdings II, Inc. – misnamed as Re Community Holdings II, LLC - is a foreign corporation incorporated in the state of Delaware with its principal place of business in Arizona. Exhibit C. As such, it is a citizen of Delaware and Arizona. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business . . . .").

4

12.     Two other Defendants, as is further set forth below, Republic Services, Inc. and Republic Services San Antonio, LLC have been improperly joined in this action and should be dismissed.

## LEGAL STANDARD FOR A NOTICE OF REMOVAL

13.     Section 1446(a) specifies that a notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).   This language purposefully tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) (citing 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639–641 (4th ed. 2009)).  "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"  *Id.* (citing H.R. Rep. No. 100–889, p. 71 (1988)).

## ARGUMENT AND AUTHORITIES

14.     Under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).  For diversity jurisdiction to be proper, a "court must be certain that all Plaintiffs have a different citizenship from all defendants."  *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Additionally, a case may not

be removed based on diversity jurisdiction if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

15.     However, a removing defendant can establish diversity jurisdiction by showing that a non-diverse defendant has been improperly, or fraudulently, joined.[2] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).   In this case Defendants Republic Services, Inc. and Republic Services San Antonio, LLC are improperly joined.

## I.     Defendant Republic Services Inc. and Republic Services San Antonio, LLC are improperly joined.

### A.     Legal Standard for improper joinder.

16.     A defendant may establish improper joinder by showing either: (1) "the plaintiff *has* stated a claim against a diverse defendant that [the plaintiff] fraudulently alleged is nondiverse," or (2) "the plaintiff *has not* stated a claim against a defendant that [the plaintiff] properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood*, 385 F.3d at 573) (emphasis in original).   Stated another way, a defendant must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

---

[2] "Improper joinder" and "fraudulent joinder" are equivalent terms; however, courts have made clear that improper joinder is the preferred term. *Smallwood*, 385 F.3d at 572.

cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir.1999)).

17.     To meet its burden under the second prong, a defendant must establish that there is no reasonable basis to predict the plaintiff can recover against the non-diverse defendant. *Smallwood*, 385 F.3d at 573.   Courts emphasize the possibility of recovery "must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

18.     Under Fifth Circuit law, courts use a Rule 12(b)(6)-type analysis to determine if a plaintiff has a reasonable basis for recovery. *Smallwood*, 385 F.3d at 573. The court's key question is whether there exists "a reasonable basis for predicting that state law might impose liability on the facts involved." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).   In cases "in which the plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco*, 224 F.3d 382, 389 n.10 (5th Cir. 2000)).

19.     A defendant is improperly joined if it had no connection to the actions that form the basis of plaintiff's claims and the defendant is merely another entity in a corporate family.   *e.g., McClenton v. Cannon Chevrolet, Cadillac, Nissan Inc.*, 4:16-CV-183-SA, 2017 WL 4322432, at *2 (N.D. Miss. Sept. 28, 2017).   Similarly, a defendant who had no involvement in the activities complained of in a plaintiff's petition is improperly joined.

*Nelson v. Chevron USA Inc.*, Civ. Ac. No. CV M-09-320, 2010 WL 11583424, at *3 (S.D. Tex. Mar. 2, 2010) ("[T]he facts set forth in [the defendant's] affidavit make clear that he had no involvement in any activity that itself resulted in Plaintiff's injuries, and therefore Plaintiff has no reasonable possibility of recovering against him on this claim.").

20.     For instance, in *McClenton*, a driver filed suit against multiple defendants over an allegedly defective vehicle. *McClenton*, 2017 WL 4322432 at *1. Among the defendants were two car dealerships—Cannon Chevrolet and Cannon Chrysler Dodge Jeep Ram—that belonged to the same corporate family. *Id.* But the driver had purchased the vehicle from Cannon Chrysler Dodge Jeep Ram; Cannon Chevrolet's only connection to the case was that it was a related entity. *Id.* at *2. The driver had simply "brought suit against the wrong entity." *Id.* As a result, the court determined the driver was unable to establish a cause of action against the second dealership and dismissed that defendant as improperly joined. *Id.*

**B.     Republic Services, Inc.**

21.     In this case, Plaintiff filed suit alleging breach of contract, quantum meruit, and negligence based on a written Service Agreement. Exhibit B. Plaintiff asserts that Republic Services, Inc., a Texas corporation, assumed and took over the Service Agreement with Plaintiff upon acquiring RE Community Holdings II. *Id.* However, the Texas corporation, Republic Services, Inc., did not acquire defendant RE Community Holdings II, Inc. Exhibit C. In fact, this particular Texas corporation, Republic Services, Inc., has no relationship whatsoever with RE Community Holdings II. Exhibit C. Just as

the driver in *McClenton* simply "brought suit against the wrong entity," Plaintiff brought suit against the wrong entity. *McClenton*, 2017 WL 4322432 at *2.   Because the Republic Services entity sued by the Plaintiff has no relationship to the claims being asserted, Plaintiff has failed to state a viable claim and the Court must dismiss the claims against the Texas corporation, Republic Services, Inc.

> C.      **Republic Services San Antonio, LLC**

22.      Plaintiff's Original Petition asserts that Republic Services San Antonio, LLC also assumed and took over the Services Agreement with Plaintiff.   Exhibit B at 3.   This is the sole mention of Republic Services San Antonio, LLC in Plaintiff's Original Petition. In fact, this company has no relationship whatsoever to either RE Community Holdings II, Inc. or River Recycling, LLC.   Exhibit C.   Once again, Plaintiffs have sued the wrong company.   Plaintiffs have no claim against Republic Services San Antonio, LLC.   As such, it too has been improperly joined.

23.      Because Defendant Republic Services San Antonio, LLC has been improperly joined, the Court must dismiss Plaintiff's claims against Republic Services San Antonio, LLC. *Int'l Energy Ventures*, 818 F.3d at 209 ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.").

## II.    **The remaining parties are completely diverse.**

24.      Once Defendants Republic Services San Antonio, LLC and Republic Services, Inc. are dismissed, the remaining parties are completely diverse.   Complete

diversity exists when no plaintiff is a citizen of the same state as any defendant. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

25.     In this case, Plaintiff Texas Refuse LLC asserts it is a citizen of Texas. Defendants River Recycling, LLC and Re Community Holdings II, Inc. are citizens of Delaware and Arizona as set forth above. Exhibit C. Since Texas Refuse LLC is not a citizen of the same state as any of the remaining Defendants, complete diversity exists.

**III.     The amount in controversy exceeds $75,000.**

26.     Finally, the amount in controversy in this case exceeds the $75,000 threshold. 28 U.S.C. § 1332(a). Plaintiff alleges in his Original Petition that he seeks monetary damages "over $200,000 but not more than $1,000,000." Exhibit B at 1; *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."). Thus, the amount in controversy requirement is satisfied.

27.     Because the properly-joined parties are completely diverse and the amount in controversy exceeds $75,000, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

**CONCLUSION AND PRAYER**

28.     Defendants River Recycling, LLC and RE Community Holdings II, Inc. respectfully request that the Court dismiss Plaintiff Texas Refuse LLC's claims against Defendants Republic Services, Inc. and Republic Services San Antonio LLC. Defendants

further request that this Court make the proper orders to affect removal of this cause from the 73rd Judicial District Court in Bexar County, Texas, to this Court and that this Court make such other orders as may be appropriate to effectuate the preparation and filing of a true record in this case in all proceedings that may have been had in the 73rd Judicial District Court in Bexar County, Texas.

Respectfully submitted,

BECK | REDDEN LLP

By: ___/s/ Troy Ford_____
    Troy Ford
    State Bar No. 24032181
    tford@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Tel: 713-951-3700
Fax: 713-951-3720

**ATTORNEYS FOR DEFENDANTS
RIVER RECYCLING, LLC and
RECOMMUNITY HOLDINGS II, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2018, a true copy of the foregoing has been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), via certified mail.

Christopher G. Burwell
Bailey & Bailey, P.C.
230 Pereida Street
San Antonio, Texas 78210-1145
*cburwell@baileyandbaileypc.com*

*/s/ Troy Ford*
Troy Ford

12